UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MONIQUE MILES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO.: 1:23-cv-0038 |
| | ) |
| WALMART STORES EAST, LP, | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES AND CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF INDIANA.

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1332, 1441, and 1446, removing party Walmart Stores East, LP. ("Defendant"), by counsel, hereby files this Notice of Removal to remove the above-entitled action to this Court based upon the following supporting grounds. Defendant, appearing solely for the purpose of this removal, and for no other purpose, and preserving all other defenses available to it, states as follows:

## VENUE

1. Removal to the Southern District of Indiana, Indianapolis Division, is appropriate pursuant to 28 U.S.C. § 1441(a), because the Southern District of Indiana, Indianapolis Division, embraces Marion County, where the action was pending prior to the filing of this Notice of Removal.

## REMOVAL IS TIMELY

2. On December 6, 2022, Walmart Stores East, LP was served with the Summons and Complaint in this matter at the offices of its registered agent for service of process in Indiana, CT Corporation System. Therefore, removal is timely under 28 U.S.C. § 1446(b)(1).

## STATE COURT PROCEEDINGS

3. On November 29, 2022, Plaintiff, Monique Miles (hereinafter "Plaintiff") filed her Summons, Complaint and Appearance in the above-entitled action against Defendant in the Marion County Superior Court in the State of Indiana, Cause No. 49D11-211-CT-041097, and it is now pending therein.

4. Defendant filed an Appearance, Jury Demand, and Motion for Time on December 20, 2022.

5. Defendant's Motion for Time was granted the same day.

6. Pursuant to S.D. Ind. L.R. 81-2(d), Defendant asserts that there are no state court motions that remain pending at the time of this Notice of Removal; however, the pre-trial conference has been scheduled and it is anticipated that it will be vacated upon the removal filing.

## DIVERSITY JURISDICTION EXISTS

7. This is a civil action that falls within the Court's original jurisdiction under 28 U.S.C. § 1332 and is one that may be removed to this Court based on diversity of citizenship under 28 U.S.C. §§ 1441 and 1446.

8. Plaintiff, Monique Miles, is believed to be a citizen of the State of Indiana.

9. The citizenship of unincorporated associations such as Defendant is "the citizenship of all the limited partners, as well as of the general partner." *Hart v. Terminex Int'l*, 336 F.3d 541, 542 (7th Cir. 2003); *see also Hicklin Engineering, L.C. v. R.J. Bartell*, 439 F.3d 346-347-48 (7th Cir. 2006) (the citizenship of a limited liability company is that of its members). "[T]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be. *Hart*, 336 F.3d at 543. The " layers" of Defendant's partners and members in this matter can be traced as follows:

      a. Defendant Wal-Mart Stores East, LP is a Delaware Limited Partnership.

      b. The sole general partner of Wal-Mart Stores East, LP is WSE Management, LLC, a Delaware Limited Liability Company.

      c. The sole limited partner of Wal-Mart Stores East, LP is WSE Investment, LLC, a Delaware Limited Liability Company.

      d. Wal-Mart Stores East, LP has no partners other than WSE Management, LLC and WSE Investment, LLC.

      e. The sole member of both WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC.

      f. Wal-Mart Stores East, LLC (f/k/a Wal-Mart Stores East, Inc.) is an Arkansas Limited Liability Company.

      g. Wal-Mart Stores East, LLC (f/k/a Wal-Mart Stores East, Inc.) has a single member: Wal-Mart Stores, Inc.

      h. Wal-Mart Stores, Inc. is a corporation organized under the laws of Delaware.

      i. The principal place of business of all entities referenced above is the State of Arkansas.

10. Because Wal-Mart is neither incorporated in Indiana nor has its principal place of business in Indiana, it is not a citizen of the State of Indiana for purposes of diversity jurisdiction.

11. There is complete diversity of citizenship between the parties named in this case.

12. Plaintiff's Complaint for Damages does not demand a specific sum of monetary damages, as the State of Indiana does not permit a demand for a specific sum or permit recovery of damages in excess of the amount demanded. Therefore, this Notice of Removal states that the

monetary value of the amount in controversy exceeds $75,000, exclusive of interest and costs, based upon the following.

    a. According to Plaintiff's Complaint, Paragraph 10, Plaintiff seeks compensation for her medical expenses, other special expenses, future medical expenses, and lost wages. Likewise, Plaintiff contends that her injuries are permanent in her prayer for relief.

    b. The undersigned counsel emailed Plaintiff's counsel on December 14, 2022, and December 22, 2022, regarding Plaintiff's total damages. On January 3, 2023, Counsel for Defendant left a voicemail for Plaintiff's counsel to address the foregoing. On January 4, 2023, Counsel for Defendant contacted Plaintiff's Counsel regarding whether Counsel would execute a Stipulation and Covenant not to execute a judgment in excess of $75,000, exclusive of interest and costs to remain in State Court. On January 5, 2023, Plaintiff's Counsel did not consent to a stipulation and covenant not to execute to remain in State Court given Plaintiff's medical treatment.

    c. Indiana case law holds another factor a removing party may consider when making the good-faith estimate of the amount of controversy is a plaintiff's failure to stipulate that her claim is worth less than $75,000, exclusive of interest and costs. *Workman v. United Parcel Serv., Inc.*, 234 F.3d 998, 1000 (7th Cir. 2000). A party "cannot benefit by playing a cat-and-mouse game, purporting to disclaim damages in excess of $75,000 but refusing to admit or stipulate that her damages will not exceed that amount." *Oshana*, 472 F.3d at 512. The Seventh Circuit has held that when a plaintiff facing removal chooses not to stipulate that her claim is worth less than $75,000, "the inference arises that [she] thinks [her] claim may be worth more." *Workman*, 234 F.3d at 1000; *see also McGowan v. Care Ambulance Serv.,* 2016 WL 1626273 at *2 (S.D.

Ind. 2016) (denying Plaintiff's motion to remand while reinforcing the Seventh Circuit's consistent position that a Plaintiff can prevent removal by stipulating to the jurisdictional limit).

13. Based upon the injuries and damages alleged, Plaintiff seeks recovery in excess of $75,000, exclusive of interest and costs, the value to Plaintiff of the relief sought in the Complaint exceeds $75,000 exclusive of interest and costs, and/or the amount in controversy exceeds $75,000 exclusive of interest and costs.

14. Therefore, this state court action is properly removed to this Court in accordance with 28 U.S.C. §§ 1441 and 1446 because: (1) this action is a civil action pending within the jurisdiction of the United States District Court for the Southern District of Indiana, Indianapolis Division; (2) this action is between citizens of different States; (3) the amount in controversy exceeds $75,000 exclusive of interest and costs.

## STATUTORY REQUIREMENTS

15. Pursuant to 28 U.S.C. § 1446(a), a copy of the entire state court file is attached and includes the State Court Record as of the date of this Notice of Removal. The undersigned verifies that the State Court Record is true and accurate as of the filing of this Removal.

16. Pursuant to S.D. Ind. L.R. 81-2(c), a copy of the operative Complaint is also attached hereto as a separate Exhibit to this Notice of Removal.

17. A copy of this Notice of Removal has been filed in the Marion County Superior Court and Plaintiff has been served with both this Notice of Removal and the Notice of Filing Notice of Removal.

WHEREFORE, removing party WALMART STORES EAST, LP by counsel, respectfully requests that the above-entitled action be removed from the Marion County Superior Court to the United States District Court for the Southern District of Indiana, Indianapolis Division.

**LEWIS WAGNER, LLP**

By: */s/ Macie L. Hinen*
LESLEY A. PFLEGING, #26857-49A
MACIE L. HINEN, #36847-49
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2023, a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system. Parties may access this filing through the court's system.

Marc Sultzer
KEN NUNN LAW OFFICE
104 South Franklin Road
Bloomington, IN 47404
marcs@kennunn.com
*Counsel for Plaintiff*

By:   */s/ Macie L. Hinen*
      MACIE L. HINEN, #36847-49

LEWIS WAGNER, LLP
1411 Roosevelt Avenue
Suite 102
Indianapolis, IN 46201
Telephone:   317-237-0500
Facsimile:   317-630-2790
lpfleging@lewiswagner.com
mhinen@lewiswagner.com